**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4756**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

VERONICA SHARON CUNNINGHAM, a/k/a Sharon Veronica Louis,
a/k/a Veronica Sharon Louis,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:11-cr-00248-REP-1)

_____

Submitted:  December 10, 2013  Decided:  January 8, 2014

_____

Before KING, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Paul Gregorio, MORRISSEY & GOLDMAN, LLC, Highland Springs,
Virginia, for Appellant.  Michael Calvin Moore, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Veronica Sharon Cunningham of twenty-six counts of health care fraud, in violation of 18 U.S.C. § 1347 (2012); eight counts of making false statements relating to health care matters, in violation of 18 U.S.C. § 1035 (2012); and filing a false tax return, in violation of 26 U.S.C. § 7206(1) (2006).  The district court sentenced Cunningham to 135 months of imprisonment and she now appeals.  Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether there was sufficient evidence to support the convictions and whether the district court erred in applying an upward departure under the Sentencing Guidelines. Cunningham filed a supplemental pro se brief raising additional issues.[*]  Finding no error, we affirm.

Counsel first questions whether there was sufficient evidence to support the convictions.  We review a district court's decision to deny a Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal de novo.  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir.

---

[*]  We have thoroughly considered the arguments raised in Cunningham's pro se supplemental brief and conclude that they lack merit.

1997).  The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'"  Smith, 451 F.3d at 216 (citations omitted).  Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  Id. (internal quotation marks and citation omitted).  Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).  "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  Id. (internal quotation marks and citation omitted).

To prove health care fraud, the government had to prove that Cunningham "knowingly and willfully executed a scheme to defraud any health care benefit program."  United States v. Girod, 646 F.3d 304, 313 (5th Cir. 2011); see 18 U.S.C. § 1347.  "To sustain a conviction under 18 U.S.C. § 1035, the government was required to prove beyond a reasonable doubt that [Cunningham] 'knowingly and willfully . . . ma[de] . . . materially false . . . or fraudulent statements . . . in connection with the delivery of or payment for health care benefits, items, or services.'"  United States v. McLean, 715

F.3d 129, 140 (4th Cir. 2013) (quoting 18 U.S.C. § 1035). However, "[t]he specific intent to defraud may be inferred from the totality of the circumstances and need not be proven by direct evidence." Id. at 138 (quoting United States v. Harvey, 532 F.3d 326, 334 (4th Cir. 2008)). Moreover, "a statement is material . . . if it has a natural tendency to influence, or is capable of influencing, the decision-making body to which it was addressed." United States v. Hamilton, 699 F.3d 356, 362 (4th Cir. 2012) (internal quotation marks and citation omitted).

Finally, "26 U.S.C. § 7206(1) . . . reaches one who '[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter.'" United States v. Cole, 631 F.3d 146, 151 (4th Cir. 2011). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the government provided substantial evidence from which the jury could conclude that Cunningham was guilty of the offenses of conviction.

Counsel next questions whether the district court erred in granting the government's motion for an upward departure under the Sentencing Guidelines based on the failure of Cunningham's criminal history category to adequately reflect the seriousness of her criminal history. See U.S. Sentencing

4

Guidelines Manual ("U.S.S.G.") § 4A1.3 (2012). In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

Under U.S.S.G. § 4A1.3(a), a district court may upwardly depart from the Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Examples of information that may form the basis for an upward departure include "[p]rior similar adult criminal conduct not resulting in a criminal conviction." U.S.S.G. § 4A1.3(a)(2)(E). In determining the extent of the departure, the Guidelines instruct a court to use as a reference the criminal history category applicable to defendants whose criminal history or likelihood to reoffend resembles that of the defendant. U.S.S.G. § 4A1.3(a)(4)(A). Our review of the record leads us to conclude that the court did not err in applying an upward departure based on prior uncharged

5

fraudulent and criminal conduct for which Cunningham did not sustain convictions.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Cunningham, in writing, of the right to petition the Supreme Court of the United States for further review. If Cunningham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cunningham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED